**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHNATHAN JOHNSON,

                              Plaintiff,

            - v -                                            Civ. No. 9:14-CV-676
                                                                    (GTS/DJS)

SCOTT SANTAMORE, *et al.*,

                              Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

JOHNATHAN JOHNSON
Plaintiff, *Pro Se*
89-A-1042
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN               GEORGE M. ZIMMERMANN, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
Main Place Tower
350 Main Street, Suite 300A
Buffalo, New York 14202

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Johnathan Johnson brings this Complaint, pursuant to 42 U.S.C. § 1983,

alleging claims arising out of his confinement at Upstate Correctional Facility ("Upstate C. F.").

Dkt. No. 6, Compl. Liberally construed, Plaintiff's Complaint asserts claims for: (1) excessive force

in violation of the Eighth Amendment against the correctional officer Defendants;[1] (2) failure to

protect in violation of the Eighth Amendment against Defendant B. Gale; (3) deliberate medical

indifference in violation of the Eighth Amendment against Defendant Nurse George Waterson; (4)

conspiracy in violation of 42 U.S.C. § 1983 against the correctional officer Defendants; (5)

conspiracy in violation of 42 U.S.C. § 1983 against Defendants David Rock and Theodore Zerniak;

and (6) denial of access to the courts in violation of the Fourteenth Amendment against the

correctional officer Defendants. *See* Compl. Currently before the Court is Defendants' Motion for

partial summary judgment on Plaintiff's conspiracy claim against Rock and Zerniak and medical

indifference claim.[2] Dkt. No. 18, Defs.' Summ. J. Mot. Plaintiff opposes the Motion. Dkt. No. 20,

Resp. For the reasons that follow, the Court recommends that Defendants' Motion be **GRANTED**.

## I. BACKGROUND

The Court recites the following facts necessary to the disposition of the present Motion.

Except where noted, the facts are undisputed. The relevant events in this action occurred while

Plaintiff was housed at Upstate C.F. in the custody of New York Department of Corrections and

Community Supervision ("DOCCS"). Dkt. No. 18-2, Defs.' Statement of Material Facts ("Defs.'

SMF") at ¶ 1; Dkt. No. 20-1, Pl.'s Statement of Material Facts ("Pl.'s SMF") at ¶ 1.

On June 14, 2012, Defendant Correctional Officers Bryan Clark and Brian Grant and

Defendant Sergeant Scott Santamore came to Plaintiff's cell to escort him to a Court of Claims

hearing. Dkt. No. 18-3, Decl. of George Michael Zimmermann, Esq., dated Mar. 26, 2015, Ex. A,

---

[1] The correctional officer Defendants are: Sergeant Scott Santamore and Correctional Officers Bryan Clark, Jason Rushlow, Brian Grant, B. Brand, and Markel. Compl.

[2] Defendants do not move for summary judgment on Plaintiff's excessive force, failure to protect, and denial of access to the courts claims, or Plaintiff's conspiracy claim against the correctional officer Defendants.

Pl.'s Dep., dated Dec. 8, 2014 ("Pl.'s Dep.") at p. 33; Compl. at ¶ 3. Plaintiff states that as Grant was holding the retention strap attached to Plaintiff's handcuffs, Clark entered Plaintiff's cell and punched Plaintiff in the eye. Pl.'s Dep. at p. 58; Compl. at ¶ 4. Plaintiff claims that six or seven prison guards then entered the cell and assaulted Plaintiff. Pl.'s Dep. at p. 61; Compl. at ¶ 7. Plaintiff further states that while he was on the ground, Grant kicked Plaintiff in his ribs. Pl.'s Dep. at p. 61. According to Use of Force and Unusual Incident reports prepared after the incident,[3] Plaintiff had pulled on the retention strap causing Grant to be pulled forward and strike his head on the cell door. Dkt. No. 18-4, David Rock Decl., dated Mar. 16, 2015, Ex. A at pp. 175 & 179.[4] Plaintiff continued to pull on the strap and Sergeant Santamore ordered the officers to enter the cell and restrain Plaintiff. *Id.* at p. 175.

Plaintiff alleges that Defendant Nurse George Waterson refused Plaintiff's requests for medical attention and failed to provide him with pain medication following the incident. Compl. at ¶ 15. Waterson examined Plaintiff through his cell window on the date of the incident in preparation of the Use of Force report. Rock Decl., Ex. C at p. 132; Defs.' SMF at ¶ 34. Waterson noted a contusion on the right side of Plaintiff's face, a small abrasion on his right shoulder, and an abrasion on the right side of his back. Defs.' SMF at ¶ 35; Pl.'s SMF at ¶ 35. Waterson advised Plaintiff to wash all areas with soap and water, and to follow up with sick call as needed. Dkt. No. 18-5, George Waterson Decl., dated Mar. 17, 2015, Ex. A at p. 290.

On June 15, 2012, Plaintiff was seen for nurse sick call. *Id.* at p. 289. Plaintiff did not make any complaints and was noted to be ambulating without difficulty and did not guard or grimace. *Id.*

---

[3] The Use of Force and Unusual Incident reports include written statements from all involved staff and physical exams and photos of Plaintiff and injured staff. Defs.' SMF at ¶ 28.

[4] In citing to Defendants' Exhibits, the Court cites to the assigned pagination in the bottom right corner.

It was further noted that Plaintiff did not have abdominal pain, gastrointestinal bleeding, nausea, vomiting, rhinitis, coughing or sneezing, and that his mucus membranes in his mouth were intact. *Id.* Plaintiff had dry skin and chaffing and stated that he had sinus pressure. *Id.* Plaintiff requested and was provided with Alamag for gastrointestinal problems, Chlorophen for allergies, and Vaseline. *Id.* On June 16, 2012, Plaintiff was again seen for nurse sick call and was provided with aspirin for pain in his ribs. *Id.* On June 17 and 18, 2012, Plaintiff complained of a headache and was provided with ibuprofen on both days. *Id.* at p. 288. Plaintiff went on a hunger strike on June 19, 2012. Waterson Decl. at ¶ 24. On June 20, 22, 23, 24, and 25, 2012, Plaintiff refused to give Waterson his name or DIN # and therefore was not seen in accordance with DOCCS regulations. Waterson Decl. at ¶¶ 22, 26, & 30; Waterson Decl., Ex. A at pp. 285-87. On June 23, 24, 25,and 27, 2012, Plaintiff also refused medical evaluations required by DOCCS regulations for inmates on hunger strike. Waterson Decl. at ¶¶ 27, 29, 31, & 35; Waterson Decl., Ex. A at pp. 285-86.

Plaintiff filed a grievance regarding the June 14, 2012 incident on June 15, 2012. Rock Decl., Ex. C at pp. 101-02. That same day, Plaintiff also wrote a letter regarding the incident to DOCCS Commissioner Brian Fischer. Rock Decl., Ex. B at pp. 870-71. Defendant Superintendent Rock forwarded the grievance and letter to Defendant Captain Zerniak, who assigned the investigation to Lieutenant King. Rock Decl. at ¶¶ 18-19. Upon interviewing Plaintiff, obtaining statements from involved staff members, and reviewing the Use of Force report, King found that Plaintiff's complaints of assault were unfounded. *Id.*, Ex. B at p. 847. Zerniak and Rock approved King's findings. *Id.* at pp. 845-46. Rock denied Plaintiff's grievance. Rock Decl., Ex. C at p. 100. Plaintiff appealed the denial to the Central Office Review Committee, which upheld Rock's determination. *Id.* at p. 99.

## II.  STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact.  *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party."  *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant.  FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact.  *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon*

*v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

### A. Conspiracy Claim Against Rock and Zerniak

Plaintiff alleges that Defendants Rock and Zerniak "conspire[d] with the prison guards." Compl. at ¶ 17. The basis of Plaintiff's claim against Rock and Zerniak appears to be that they conspired in their investigation to cover up the assault incident. *See id.* Specifically, Plaintiff states that videos of the assault exist and that he requested those videos to be included in the investigation, but they were not included. Dkt. No. 20-2, Pl.'s Aff. at ¶¶ 14-17.

To support a conspiracy claim under § 1983, a plaintiff must demonstrate (1) an agreement between two or more state actors or a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. *Ciambriello v. County of Nassau,* 292 F.3d 307, 324-25 (2d Cir. 2002).

There is no evidence in the record of an agreement between Rock and Zerniak to deprive Plaintiff of his constitutional rights. The sum of the evidence shows that Rock assigned the investigation of Plaintiff's grievance to Zerniak, who in turn assigned the investigation to King. Rock Decl. at ¶¶ 18-19. Rock and Zerniak then each affirmed King's finding that Plaintiff's grievance was unfounded. *Id.* at ¶¶ 22-23. These facts do not support Plaintiff's contention that there was an agreement between these Defendants to deprive Plaintiff of his constitutional rights. *See Cusamano v. Sobek*, 604 F. Supp. 2d 416, 469 (N.D.N.Y. 2009) (finding conspiracy claim subject to dismissal where there was insufficient evidence to establish a meeting of the minds between the defendants). Similarly, there is no evidence showing that either Rock or Zerniak committed an overt act in furtherance of depriving Plaintiff of his constitutional rights. As Defendants argue, Rock and Zerniak investigated Plaintiff's grievances after his alleged constitutional injuries occurred, and thus, there can be no allegation that Rock and Zerniak acted in furtherance of those injuries. Plaintiff, in response to Defendants' Motion, rests on the allegations of his Complaint. Dkt. No. 20, Pl.'s Mem. of Law at pp. 3-4. However, the conclusory allegations contained therein are insufficient to create an issue of material fact and therefore Plaintiff's conspiracy claim is subject to dismissal.

Alternatively, Plaintiff's conspiracy claims are also barred by the intracorporate conspiracy doctrine. "Under the 'intracorporate conspiracy' doctrine, the officers, agents, and employees of

a single corporate entity, each acting within the scope of her employment, are legally incapable of conspiring together." *Little v. City of New York*, 487 F. Supp. 2d 426, 441-42 (S.D.N.Y. 2007); *see also Everson v. New York City Transit Auth.*, 216 F. Supp. 2d 71, 76 (E.D.N.Y. 2002). Here, both Rock and Zerniak are DOCCS employees and there is no evidence to suggest that they were acting outside of the scope of their employment. Therefore, Rock and Zerniak were incapable of conspiring together as a matter of law. *See Orafan v. Goord*, 411 F. Supp. 2d 153, 164-65 (N.D.N.Y. 2006), *vacated and remanded on other grounds*, *Orafan v. Rashid*, 249 Fed. App'x 217 (2d Cir. 2007).

Accordingly, the Court recommends that Defendants' Motion for Summary Judgment on Plaintiff's conspiracy claims against Rock and Zerniak be **GRANTED**.

### B. Deliberate Medical Indifference Claim Against Waterson

Plaintiff asserts that Waterson denied Plaintiff medical treatment following the assault incident. Compl. at ¶ 5. Specifically, Plaintiff alleges that Waterson only evaluated Plaintiff's injuries through the cell window, refused Plaintiff's request for medical attention, and did not give Plaintiff pain medication. *Id.*

To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for denial of medical care, a prisoner must demonstrate (1) a serious medical condition and (2) deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin ("Hathaway I")*, 37 F.3d 63, 66 (2d Cir. 1994).

The first prong is an objective standard and considers whether the medical condition is

"sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway I*, 37 F.3d at 66). Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). The second prong is a subjective standard requiring a plaintiff to demonstrate that the defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. at 301-03; *Hathaway I*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. This requires "something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835; *see also Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. at 835). Further, a showing of medical malpractice is insufficient to support an Eighth Amendment claim unless "the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Hathaway v. Coughlin ("Hathaway II")*, 99 F.3d 550, 553 (2d Cir. 1996)); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (citations omitted).

In the first place, Plaintiff has failed to establish that his injuries constituted a sufficiently serious condition to satisfy the objective prong of a deliberate indifference claim. Plaintiff alleges,

and the record confirms, that Plaintiff suffered from a black eye and bruising on his shoulder and back. Compl. at ¶ 15; Waterson Decl. at ¶ 11. Bruising is not the type of injury that constitutes "a condition of urgency that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d at 702; *see also Tafari v. McCarthy*, 714 F. Supp. 2d 317, 354 (N.D.N.Y. 2010) (finding two bruises and superficial laceration "not significant enough to satisfy the objective element"); *Dallio v. Herbert*, 678 F. Supp. 2d 35, 60-61 (N.D.N.Y. 2009) (finding two black eyes, bruising, and lacerations not sufficiently serious); *Ford v. Phillips*, 2007 WL 946703, at *12 (S.D.N.Y. Mar. 27, 2007) ("Abrasions, a minor bruise, slight bleeding and scratches are not injuries that may produce death, degeneration or extreme pain, and no reasonable jury could find to the contrary."). Plaintiff has not produced any evidence that his bruising and abrasions were anything other than minor injuries.

Second, even if Plaintiff could show that he suffered from a sufficiently serious condition, Plaintiff cannot establish that Waterson acted with deliberate indifference. Waterson examined Plaintiff on the date of the incident, and in the following two weeks, Plaintiff was seen by medical personnel, including Waterson, at least eight times. Waterson Decl. at ¶ 39. On June 16, 2012, Plaintiff was given aspirin for pain in his ribs. *Id.* at ¶ 18. Significantly, on the other occasions Plaintiff did not complain of the injuries he received from the assault and received treatment for other conditions. *Id.* at ¶ 41; *see also id.* at ¶¶ 17, 19-20, 34, & 36. Additionally, Plaintiff refused to be seen by Waterson on several occasions. *Id.* at ¶¶ 22, 26, & 30. Thus, Plaintiff has not raised an issue of material fact that Waterson consciously disregarded a substantial risk of harm to Plaintiff.

Accordingly, the Court recommends that Defendants' Motion for Summary Judgment on Plaintiff's deliberate medical indifference claim be **GRANTED**.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Partial Summary Judgment (Dkt. No. 18) be **GRANTED** and Plaintiff's conspiracy claim against Defendants Rock and Zerniak and deliberate medical indifference claim against Defendant Waterson be **DISMISSED**, and that Rock, Zerniak, and Waterson be **TERMINATED** as Defendants in this action; and it is further

**RECOMMENDED**, that if the above recommendations are accepted, this case be set down for a final pre-trial conference with the parties to set a trial date on the following claims: (1) excessive force in violation of the Eighth Amendment, conspiracy in violation of 42 U.S.C. § 1983, and denial of access to the courts in violation of the Fourteenth Amendment against Defendant Sergeant Scott Santamore and Correctional Officers Bryan Clark, Jason Rushlow, Brian Grant, B. Brand, and Markel; and (2) failure to protect in violation of the Eighth Amendment against Defendant B. Gale; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: April 19, 2016

*-11-*

Albany, New York


Daniel J. Stewart
U.S. Magistrate Judge