UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNATHAN JOHNSON,

                Plaintiff,

v.                                          9:14-CV-676
                                          (GTS/DJS)

SCOTT SANTAMORE, Sergeant, Upstate Corr. Fac.;
BRYAN CLARK, Prison Guard, Upstate Corr. Fac.;
JASON RUSHLOW, Prison Guard, Upstate Corr. Fac.;
BRIAN GRANT, Prison Guard, Upstate Corr. Fac.;
B. BRAND, Prison Guard, Upstate Corr. Fac.;
MARKEL, Prison Guard, Upstate Corr. Fac.;
GEORGE WATERSON, Nurse, Upstate Corr. Fac.;
B. GALE, Prison Guard, Upstate Corr. Fac.;
THEODORE ZERNIAK, Captain, Upstate Corr. Fac.;
DAVID ROCK, Superintendent of Upstate Corr. Fac.;
and JOHN DOES, Several Unknown Prison Guards,

                Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

JOHNATHAN JOHNSON, 89-A-1042
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN                  GEORGE M. ZIMMERMAN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
Main Place Tower
350 Main Street, Suite 300A
Buffalo, New York 14202

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* prisoner civil rights action filed by Johnathan Johnson ("Plaintiff") against the above-captioned employees of the New York State Department of Corrections and Community Supervision at Upstate Correctional Facility in Malone, New York ("Defendants"), are the following: (1) Defendants' motion for partial summary judgment; (2) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendants' motion be granted; and (3) Plaintiff's letter-motion requesting the appointment of trial counsel. (Dkt. Nos. 18, 22, 23.) None of the parties have filed objections to the Report-Recommendation and the deadline in which to do so has expired. (*See generally* Docket Sheet.)

When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Here, after carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation. Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, and Defendants' motion for partial summary judgment is granted: Plaintiff's conspiracy claim against Defendants Rock

and Zerniak under 42 U.S.C. § 1983 and his deliberate-indifference-to-serious-medical-needs claim against Defendant Waterson under the Eighth Amendment are dismissed; and David Rock, Theodore Zerniak and George Waterson are terminated as Defendants in this action.

The Clerk of the Court is directed to schedule a final pretrial conference to set a trial date with respect to the following remaining claims: (1) Plaintiff's excessive force claim against Defendants Santamore, Clark, Rushlow, Grant, Brand and Markel under the Eighth Amendment; (2) his conspiracy claim against Defendants Santamore, Clark, Rushlow, Grant, Brand and Markel under 42 U.S.C. § 1983; (3) his denial-of-access-to-the-courts claim against Defendants Santamore, Clark, Rushlow, Grant, Brand and Markel under the Fourteenth Amendment; and (4) his failure-to-protect claim against Defendant Gale under the Eighth Amendment. (Dkt. No. 22, at Parts III-IV.)

Finally, with regard to Plaintiff's letter-motion requesting the appointment of trial counsel, the Court notes that Defendants have not opposed that letter-motion, and that the Court routinely appoints pro bono trial counsel to *pro se* prisoner civil rights plaintiffs at trial. For these reasons, Plaintiff's letter-motion is granted.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 22) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for partial summary judgment (Dkt. No. 18) is **GRANTED** as to the following claims:

    (1)    Plaintiff's conspiracy claims against Defendants Rock and Zerniak under 42 U.S.C. § 1983;

(2) Plaintiff's deliberate-indifference-to-serious-medical-needs claim against Defendant Waterson under the Eighth Amendment; and it is further

**ORDERED** that David Rock, Theodore Zerniak and George Waterson shall be **TERMINATED** as Defendants in this action; and it is further

**ORDERED** that Plaintiff's letter-motion requesting the appointment of trial counsel (Dkt. No. 23) is **GRANTED**. Pro Bono Counsel will be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

**ORDERED** that upon assignment of Pro Bono Counsel, a pretrial conference with counsel will be scheduled in this action, at which time the Court will schedule for trial with respect to the following remaining claims:

(1) Plaintiff's excessive force claim against Defendants Santamore, Clark, Rushlow, Grant, Brand and Markel under the Eighth Amendment;

(2) Plaintiff's conspiracy claim against Defendants Santamore, Clark, Rushlow, Grant, Brand and Markel under 42 U.S.C. § 1983;

(3) Plaintiff's denial-of-access-to-the-courts claim against Defendants Santamore, Clark, Rushlow, Grant, Brand and Markel under the Fourteenth Amendment; and

(4) Plaintiff's failure-to-protect claim against Defendant Gale under the Eighth Amendment.

Dated: June 23, 2016
      Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge