UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNATHAN JOHNSON,

                Plaintiff,

                                                        9:14-CV-0676 (GTS/DJS)

v.

SCOTT SANTAMORE, Sergeant, Upstate Corr.
Facility; BRYAN CLARK, Prison Guard,
Upstate Corr. Facility; JASON RUSHLOW,
Prison Guard, Upstate Corr. Facility; BRIAN
GRANT, Prison Guard, Upstate Corr. Facility;
B. BRAND, Prison Guard, Upstate Corr.
Facility; MARKEL, Prison Guard, Upstate Corr.
Facility; and B. GALE, Prison Guard, Upstate
Corr. Facility;

                Defendants.
_____

APPEARANCES:                              OF COUNSEL:

JOHNATHAN JOHNSON, 89-A-1042
 Plaintiff, *Pro se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN            GEORGE M. ZIMMERMANN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
 Counsel for Defendants
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

     Currently pending before the Court, in this prisoner civil rights action filed by Johnathan

Johnson ("Plaintiff") against the seven above-captioned employees of the New York State

Department of Corrections and Community Supervision at Upstate Correctional Facility ("Defendants"), are the following three motions: (1) Plaintiff's post-trial motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 or, in the alternative, for a new trial pursuant to Fed. R. Civ. P. 59; (2) Plaintiff's motion to vacate the judgment against him pursuant to Fed. R. Civ. P. 59; and (3) Plaintiff's motion to vacate the Court's Order granting Defendant's second motion for a Bill of Costs pursuant to Fed. R. Civ. P. 54. (Dkt. Nos. 69, 70, 84.) For the reasons set forth below, Plaintiff's motions are denied.

## I. RELEVANT BACKGROUND

### A. Relevant Procedural History

For the sake of brevity, the Court will not recite this action's relevant procedural history (including the three-day trial that led to the entrance of a jury verdict against Plaintiff, and the entrance of a Judgement against him, on his claims of excessive force, failure to protect and access to the courts) in this Decision and Order, which is intended primarily for the review of the parties.

### B. Parties' Briefing on Plaintiff's Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50 or, in the Alternative, for a New Trial Pursuant to Fed. R. Civ. P. 59

Generally, liberally construed, Plaintiff's motion for judgment as a matter of law or, in the alternative, for a new trial, asserts the following arguments: (1) the evidence (including the medical records and trial testimony) overwhelmingly demonstrate that Plaintiff was subjected to excessive force; (2) because Plaintiff's *pro bono* trial counsel erroneously failed to move for judgment as a matter of law as to Plaintiff's excessive-force claim at the close of his case, the procedural bar on a post-trial motion for judgment as a matter of law can be relaxed in order to prevent manifest injustice; (3) the verdict against Plaintiff on his excessive-force claim is against

the weight of the evidence, including the videotape shown to the jury; (4) Defendants' stipulations establish Plaintiff's access-to-courts claim; (5) because Plaintiff's *pro bono* trial counsel erroneously failed to move for judgment as a matter of law as to Plaintiff's access-to-courts claim at the close of his case, the procedural bar on a post-trial motion for judgment as a matter of law can be relaxed in order to prevent manifest injustice; and (6) the verdict against Plaintiff on his access-to-courts claim is against the weight of the evidence, including Defendants' stipulation. (*See generally* Dkt. No. 69, Attach. 1 [Plf.'s Affid.].)

Generally, in response to Plaintiff's motion, Defendants assert the following arguments: (1) as a threshold matter, Plaintiff's motion should be denied, because he has not sought leave of the Court to file the motion, as required by the Anti-Filing Injunction Order entered against him by Chief Judge Gary L. Sharpe on July 27, 2012, which prohibited him "from filing any document or pleading ***of any kind*** *pro se* in the Northern District of New York without leave of the Chief Judge and subject to the requirements outlined," *see In re: Johnson*, 12-MC-0047, Anti-Filing Injunction Order (N.D.N.Y. filed July 27, 2012) (Sharpe, C.J.) (emphasis added); (2) in the alternative, Plaintiff's motion should be denied as a threshold matter, because he did not make such a motion before the case was submitted to the jury; (3) in any event, Plaintiff's motion should be denied on the merits, because, faced with the conflicting testimony, the jury was forced to decide between accepting the credibility of Plaintiff and accepting that of Defendants, and it was entitled to accept the credibility of Defendants; (4) Plaintiff has not established that he is entitled to a new trial for his excessive-force claim, because he is incorrect when he argues that, based on the evidence adduced at trial (which presented the jury with a credibility determination), the jury could have rationally reached only one verdict; and (5) Plaintiff has not established that he is entitled to a new trial for his access-to-courts claim based

on Defendants' stipulation, which regarded merely the viability of Plaintiff's Court of Claims cases, and which in no way removed the genuine issue of fact presented by the conflicting trial testimony. (Dkt. No. 71 [Defs.' Opp'n Memo. of Law].)

Generally, in reply to Defendants' response, Plaintiff asserts the following arguments: (1) Defendants' first argument is without merit because, at the conclusion of trial, the Court directed that any post-trial motions be filed within twenty-eight days; and (2) Defendants' second argument is without merit because, where a party's trial counsel erroneously fails to move for judgment as a matter of law at the close of his case, the procedural bar on a post-trial motion for judgment as a matter of law can be relaxed in order to prevent manifest injustice; and (3) Defendants' third, fourth and fifth arguments are without merit because, based on the evidence adduced at trial, the jury could have rationally reached only one verdict. (Dkt. No. 76 [Plf.'s Reply-Letter].)

### C. Parties' Briefing on Plaintiff's Motion to Vacate the Judgment Against Him Pursuant to Fed. R. Civ. P. 59

Generally, liberally construed, Plaintiff's motion to vacate the Judgement against him argues that it was improper for defense counsel to cross-examine Plaintiff, and present argument during closing statements, regarding of Plaintiff's "ass kicking day" testimony from a deposition in another prisoner civil rights action, because (1) the testimony was never adduced in this action, (2) its probative value was substantially outweighed by its danger of unfair prejudice under Fed. R. Evid. 403, (3) it improperly appeared to constitute evidence of a habit of assaulting prison guards under Fed. R. Evid. 406, and (4) its admission violated the Court's motion-in-*limine* ruling precluding evidence of Plaintiff's disciplinary records under Fed. R. Evid. 404(b) and Fed. R. Evid. 608(b). (*See generally* Dkt. No. 70 [Plf.'s Affid.].)

4

Generally, in response to Plaintiff's motion, Defendants assert the following arguments: (1) as a threshold matter, Plaintiff's motion should be denied because, again, he has not sought leave of the Court to file the motion, as required by the above-referenced AFIO entered against him by Chief Judge Sharpe; (2) in the alternative, Plaintiff's motion should be denied because defense counsel's closing statement permissibly referenced evidence that had been admitted by the Court during the trial in this action; (3) the admission of the evidence at trial was proper because Plaintiff's prior statement regarding "ass kicking day" was not a reference to his disciplinary history (especially given that no evidence of Plaintiff's post-statement behavior was put before the jury) but was relevant to his motivation for pulling Defendant Grant into the doorway to his cell; and (4) even if the admission of Plaintiff's prior statement regarding "ass kicking day" was error, it was harmless pursuant to an application of the factors set forth in *Davidson v. Smith*, 9 F.3d 4, 8 (2d Cir. 1993). (Dkt. No. 75 [Defs.' Opp'n Memo. of Law].)

### D. Parties' Briefing on Plaintiff's Motion to Vacate the Court's Order Granting Defendant's Second Motion for a Bill of Costs Pursuant to Fed. R. Civ. P. 54

Generally, liberally construed, Plaintiff's motion to vacate the Court's Order granting Defendants' second motion for a bill of costs asserts the following arguments: (1) unless a Court Order provides otherwise, the deadline for the filing of a motion for bill of costs is fourteen days after the date of the entry of judgment, pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i); and (2) here, Defendants' second motion for a bill of costs was filed on March 21, 2017, thirty-six days after the date of the entry of the Judgment (i.e., February 13, 2017). (*See generally* Dkt. No. 84 [Plf.'s Affid.].)

Generally, in response to Plaintiff's motion, Defendants assert the following arguments: (1) Defendants filed their first motion for a bill of costs on March 13, 2017, twenty-eight says

after the entry of the Judgment in their favor, as permitted by Local Rule 54.1(a) of the Local Rules of Practice for this Court, which extends the deadline for such motions to thirty days after the entry of judgment; (2) on March 17, 2017, the Court issued a Text Order denying, *without prejudice*, Defendants' motion for a bill of costs due to their failure to comply with Local Rule 54.1(a) (requiring receipts of the costs incurred be attached to the request for a Bill of Costs); (3) Defendants filed a second motion for a bill of costs correcting the above-referenced defect on March 21, 2017, which was within four days (including two weekend days) of the Court's Text Order; and (4) by failing to file an opposition to Defendants' second motion for a bill of costs, Plaintiff waived an objection to the timing of that second motion. (Dkt. No. 85 [Defs.' Opp'n Memo. of Law].)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing Motions for Judgment Notwithstanding the Verdict Pursuant to Fed. R. Civ. P. 50(b)

Rule 50(b) of the Federal Rules of Civil Procedure provides as follows, in pertinent part:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a *renewed* motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

Fed. R. Civ. P. 50(b) (emphasis added).

As a result, a prerequisite for a motion for a post-trial motion for a judgment as a matter of law (also known as a motion for judgment notwithstanding the verdict) is a pre-verdict motion for judgment as a matter of law. *See* Fed. R. Civ. P. 50 Advisory Committee Note (1963) ("A

6

motion for judgment notwithstanding the verdict will not lie unless it was preceded by a motion for a judgment as a matter of law made at the close of all the evidence.") (emphasis added); Fed. R. Civ. P. 50 Advisory Committee Note (1991) ("A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion."); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5, 128 S. Ct. 2605 (2008) ("A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury.").

To be sure, such a motion may be granted by a district court where doing so is necessary to prevent "manifest injustice." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998) ("As to any issue on which proper Rule 50 motions were not made, [a judgment as a matter of law] may not properly be granted by the district court, or upheld on appeal, or ordered by the appellate court unless that action is required in order to prevent manifest injustice."); *accord*, *Lore v. City of Syracuse*, 670 F.3d 127, 153 (2d Cir. 2012); *Cordius Trust v. Kummerfeld*, 331 F. App'x 810, 811 (2d Cir. 2009). However, "manifest justice" exists only when a jury's verdict is "wholly without legal support." *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 129 (2d Cir. 1999) ("We may overlook such a default in order to 'prevent a manifest injustice' in cases where a jury's verdict is wholly without legal support.") (internal quotation marks omitted); *accord*, *U.S. S.E.C. v. Stamoulis*, 350 F. App'x 499, 500 (2d Cir. 2009); *Clergeau v. Local 1181, Amalgamated Transit Union, AFL-CIO*, 162 F. App'x 32, 34 (2d Cir. 2005); *Rothstein v. Carriere*, 373 F.3d 275, 291 (2nd Cir. 2004).

### B. Legal Standard Governing Motions for a New Trial Pursuant to Fed. R. Civ. P. 59(a)

Rule 59(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—. . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)(A). The Second Circuit has interpreted this standard to permit the granting of new trials when "in the opinion of the district court, the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998) (internal quotation marks omitted); *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997). Examples of such a serious error or a miscarriage of justice include when "the verdict is against the weight of the evidence," or when "for the reasons stated the trial was not fair to the moving party." *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir. 1983). However, "the court should only grant a motion for a new trial when the jury's verdict is 'egregious.'" *DLC Mgmt. Corp.*, 163 F.3d at 134 (internal quotation marks omitted); *Dunlap-McCuller v. Riese Org.*, 980 F.2d 153, 158 (2d Cir. 1992), *cert. denied*, 510 U.S. 908, 114 S. Ct. 290 (1993).

### III. DISCUSSION

#### A. Plaintiff's Post-Trial Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50 or for a New Trial Pursuant to Fed. R. Civ. P. 59

After carefully considering the matter, the Court denies this motion for the each of the reasons stated in Defendants' opposition memorandum of law. *See, supra,* Part I.B. of this Decision and Order. To those reasons, the Court adds the following three points (which are intended to supplement, but not supplant, those reasons).

First, Defendants are correct that Chief Judge Sharpe's Anti-Filing Injunction Order ("AFIO") covered, among other things, Plaintiff's *pro se* filing of the above-referenced post-trial motion without prior leave of the Court. The AFIO expressly covered "any document or pleading *of any kind*." *In re: Johnson*, 12-MC-0047, Anti-Filing Injunction Order (N.D.N.Y. filed July 27, 2012) (Sharpe, C.J.) (emphasis added). Moreover, approximately a week before Plaintiff filed the post-trial motion (on February 23, 2017), the Court informed him, in a separate proceeding, that this very IFIO governed the filing of "any document" by him in an action removed from state court to federal court. *In re Johnson*, 12-MC-0047, Order to Show Cause at 2 & n.2 (N.D.N.Y. Feb. 14, 2017) (Suddaby, J.). Plaintiff's argument that, at the conclusion of trial, the Court implicitly granted him leave to file a post-trial motions *pro se* is without merit: at the conclusion of trial, the Court merely set forth the deadlines by which permissible post-trial motions could be filed. As a result, this motion may be denied based on the AFIO alone.

Second, in any event, Defendants are also correct that Plaintiff's motion can be denied because he did not make such a motion before the case was submitted to the jury. While Plaintiff is correct that this pre-requisite may be excused by a district court in order to prevent "manifest injustice," such manifest justice exists only when a jury's verdict is "wholly without legal support." *See, supra,* Part II.A. of this Decision and Order. Here, the jury's verdict is not wholly without legal support for the reasons stated by Defendants.

Third, in his reply, Plaintiff does not rebut Defendants' substantive legal arguments but merely relies on arguments previously asserted in his affidavit in chief. (Dkt. No. 76, at 2-3 [Plf.'s Reply-Letter].)

9

For all of these reasons, the Court denies Plaintiff's post-trial motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 or, in the alternative, for a new trial pursuant to Fed. R. Civ. P. 59.

### B. Plaintiff's Motion to Vacate the Judgment Against Him Pursuant to Fed. R. Civ. P. 59

After carefully considering the matter, the Court denies this motion for the each of the reasons stated in Defendants' opposition memorandum of law. *See, supra,* Part I.C. of this Decision and Order. To those reasons, the Court adds the following three points (which, again, are intended to supplement, but not supplant, those reasons).

First, Defendants are correct that, as a threshold matter, this motion may be denied as violative of Chief Judge Sharpe's AFIO, for the reasons stated above in Part III.A. of this Decision and Order.

Second, Plaintiff is incorrect to the extent he argues that his deposition testimony from another action could not be admitted at the trial in this action. *See* Fed. R. Evid. 32(a)(2) ("Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence."); *see, e.g., Townsend Rabinowitz Pantaleoni & Valente, P.C. v. Holland Indus., Inc.*, 109 F.R.D. 671, 673 (S.D.N.Y. 1986) ("Margolies has admitted in documents filed with the SEC and in deposition testimony from another case that his current business and personal residences are in Ohio.").

Third, as the Court explained at trial, defense counsel's question about "ass kicking day" (and his use of Plaintiff's prior deposition testimony regarding "ass kicking day") was permissible under the Federal Rules of Evidence, and was relevant to whether the force used against Plaintiff was unprovoked (as Plaintiff had testified). (Dkt. No. 87, at 106-09 [attaching

10

pages "106" through "109" of Trial Tr.]; Dkt. No. 88, at 2-9 [attaching pages "115" through and "119" of Trial Tr.].) Furthermore, while the evidence was certainly prejudicial (as is nearly all evidence), it was by no means *unfairly* prejudicial; nor did any such unfair prejudice substantially outweigh its probative value, which was strong. The Court notes that Plaintiff was permitted to explain, on re-direct examination, that by the term "ass kicking day," he sarcastically meant merely that it was his "gettin' money day" (due to the fact that it was the date of a Court of Claims trial about which he felt optimistic). (Dkt. No. 88, at 20-21 [attaching pages "133" and "134" of Trial Tr.].) The jury was free to believe, or disbelieve, Plaintiff.

For all of these reasons, the Court denies Plaintiff's motion to vacate the judgment against him pursuant to Fed. R. Civ. P. 59.

C. **Plaintiff's Motion to Vacate the Court's Order Granting Defendant's Second Motion for a Bill of Costs Pursuant to Fed. R. Civ. P. 54**

After carefully considering the matter, the Court denies this motion for the each of the reasons stated in Defendants' opposition memorandum of law. *See, supra,* Part I.D. of this Decision and Order. To those reasons, the Court adds the following analysis (which, again, is intended to supplement, but not supplant, those reasons).

In his motion, Plaintiff relies on Fed. R. Civ. P. 54(d)(2)(B)(1). (Dkt. No. 84, at 2-3.) However, Fed. R. Civ. P. 54(d)(2)(B)(1) does not apply to requests for Bills of Costs but to requests for attorney's fees. Fed. R. Civ. P. 54(d)(2)(B)(1). The section of Fed. R. Civ. P. 54 that regards Bills of Costs is Fed. R. Civ. P. 54(d)(1). Rather than set a deadline for requests for Bills of Costs, Fed. R. Civ. P. 54(d)(1) requires merely that "[t]he clerk may tax costs on 14 days' notice," and that, "[o]n motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). The sole applicable procedural rule that governs

deadlines for requests for Bills of Costs is Local Rule 54.1(a) of the Court's Local Rules of Practice. In pertinent part, that Local Rules sets a thirty-day deadline for such requests, and provides that "[p]ost-trial motions shall not serve to extend . . . [the deadline], except on a showing of good cause or an order extending the time." N.D.N.Y. L.R. 54.1(a). Here, even if the Court were to construe the Court's Text Order of March 17, 2017, as not permitting the filing of Defendants' second motion for a bill of costs on March 21, 2017, the Court would find that good cause exist for the issuance of an Order *nunc pro tunc* extending the deadline for the second motion until March 21, 2017.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's post-trial motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 or, in the alternative, for a new trial pursuant to Fed. R. Civ. P. 59 (Dkt. No. 69) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to vacate the judgment against him pursuant to Fed. R. Civ. P. 59 (Dkt. No. 70) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to vacate the Court's Order granting Defendant's second motion for a Bill of Costs pursuant to Fed. R. Civ. P. 54 (Dkt. No. 84) is **DENIED**.

Dated: September 28, 2017
   Syracuse, New York

                        _____
                        Hon. Glenn T. Suddaby
                        Chief U.S. District Judge